Mr. Justice Thacher
delivered the opinion of the court.
Appellant filed her petition in the probate court of Adams county, for dower in certain lands in the city of Natchez, embracing the last residence of her deceased husband. The only party appearing adverse to the prayer of the petition is a grantee of the same lands, claiming from and under a purchaser, to whom they were sold by virtue of an execution emanating *169 from a judgment against the husband for the purchase-money of the lands. This party substantiates his title as directly derived from the enforcement of the vendor’s lien subsisting against the husband.
The probate court dismissed the petition for want of jurisdiction. This was error. That court had jurisdiction of the subject-matter of the petition, although none over the party holding an adversary claim to the property; nor could his appearance and answer confer such jurisdiction. Holloman v. Holloman, 5 S. & M. 561. The rights of this party cannot be affected by a decree of the probate court, allowing dower to the widow in this particular realty, for those rights must elsewhere be considered, as if no decree of the kind had been pronounced. In short, the only proper parties to a petition and proceeding by a widow for her dower, are the representatives of her husband. James v. Rowan, 6 S. & M. 393.
But it may save litigation to intimate, that if, as appears from the record in this case, the title of the husband became divested by the enforcement of the lien reserved by law to his vendor, the claim of the widow must ultimately fail.
The decree of the probate court must be reversed, and the cause remanded for further proceedings.